IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

BANK OF NEW YORK MELLON,
et al.,

        Plaintiffs.

v.                                              Civil Action No. 3:13-CV-1329-O-BK

AUDREY COLEMAN,

        Defendant.

**FINDINGS, CONCLUSION AND RECOMMENDATION**

Pursuant to the District Court's referral of this case for pretrial management under *Special Order 3*, this cause is before the undersigned for a recommendation on Plaintiffs' *Motion to Remand*. (Doc. 7). For the reasons set forth herein, Plaintiffs' *Motion to Remand* should be **GRANTED**.

**A. Background**

After Plaintiffs foreclosed on Defendant's property (Doc. 7 at 33-35), Plaintiffs filed an original petition in state court, on March 21, 2013, against the *pro se* Defendant for forcible detainer. *Id.* at 1, 25-27. On April 1, 2013, Defendant removed the case to federal court, alleging that subject matter and diversity jurisdiction existed. (Doc. 3 at 1-2). Defendant contends that she is a citizen of Texas and Plaintiffs' main office is in New York. *Id.* at 4. Defendant also contends the subject real property has a fair market value of at least $130,000. (Doc. 8 at 2).

On May 1, 2013, Plaintiffs filed the instant *Motion to Remand* the case to state court, arguing that because Defendant is a citizen of Texas, the state in which this action was brought, she could not remove the case to federal court. (Doc. 7 at 4). As alternatives, Plaintiffs also

contend that removal was improper because no federal question has been established and the requisite amount in controversy has not been satisfied.  *Id.*

**B. Motion to Remand**

The federal district court has jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.  28 U.S.C. § 1331.  In terms of federal question jurisdiction, a private party cannot be sued for purported constitutional violations no matter how wrongful the conduct is alleged to be.  *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999).  Thus, Defendant's claim that Plaintiffs violated her constitutional rights cannot support federal jurisdiction.  Likewise, Defendant's claim that Plaintiffs violated her consumer rights under various federal statutes is irrelevant because "[i]t is insufficient [in a removal case] that a federal question has been raised as a matter of defense or as a counterclaim."  *Metro Ford Truck Sales, Inc. v. Ford Motor Co.*, 145 F.3d 320, 326-27 (5th Cir. 1998).

The federal district court also has diversity jurisdiction of all civil actions where the amount in controversy exceeds $75,000 and the parties are citizens of different states.  28 U.S.C. § 1332(a).  A suit originally filed in state court is removable to federal court as long as the defendant is not a citizen of the state in which the action is brought.  28 U.S.C. § 1441(b).  This is commonly known as the "forum-defendant" rule.  *In re 1994 Exxon Chemical Fire*, 558 F.3d 378, 392 (5th Cir. 2009).  Once a case is removed to federal court, a plaintiff may move to remand the case to state court within 30 days after the notice of removal is filed.  28 U.S.C. § 1447(c).  Removal statutes are strictly construed in favor of remand and against removal. *Bosky v. Kroger Tex., LP*, 288 F.3d 208, 211 (5th Cir. 2002).

In this case, Plaintiffs filed a timely *Motion to Remand***.**  (Doc. 7).  Defendant admits in

her notice of removal that she is a citizen of Texas.  (Doc. 3 at 4).  Because Defendant is a citizen of Texas and has removed this case to a district court sitting in Texas, removal was improper under section 1441(b).  Moreover, this case does not satisfy the $75,000 amount in controversy requirement.  "[P]laintiff's claim [as to its potential recovery] remains presumptively correct unless the defendant can show by a preponderance of the evidence that the amount in controversy is greater than the jurisdictional amount." *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995).  Monetary damages in forcible detainer actions are limited to reasonable rent for the period since the foreclosure sale, which Plaintiffs allege does not exceed $75,000.  (Doc. 7 at 5); TEX. R. CIV. P. 746 (in case of forcible entry or of forcible detainer, the only issue shall be as to the right to actual possession; and the merits of the title shall not be adjudicated); TEX. PROP. CODE § 24.0051 (governing forcible detainer action against a tenant for non-payment of rent and providing that a landlord may sue for physical possession of the premises and unpaid rent); TEX. R. CIV. P. 752 (providing that a party in a forcible detainer action is permitted to recover damages suffered due to the withholding of the premises during the pendency of any appeal and noting that damages include the loss of rental income).  Accordingly, this Court lacks jurisdiction, and Plaintiffs' *Motion to Remand* (Doc. 7) should be **GRANTED**.

**C.  Sanctions**

On at least three prior occasions, Defendant has removed cases from state court to this Court which involve the same underlying facts as this case.  *See* 13-CV-903-M-BH (Lynn, J.) (N.D. Tex. 2013); 13-CV-105-B-BF (Boyle, J.) (N.D. Tex. 2013); 12-CV-3971-BH (N.D. Tex. 2012) (Fitzwater, C.J.).  Moreover, she filed a lawsuit against these Plaintiffs and others involving the subject real property, which this Court adjudged to be frivolous.  *See* 12-CV-4783-

M-BH (Lynn, J.) (N.D. Tex. 2012).  In February 2013, Judge Boyle warned Defendant "that sanctions may be imposed if she persists in filing and/or removing lawsuits over which this Court lacks subject matter jurisdiction."  *See* 13-CV-105-B-BF (Doc. 9 at 4).  Nevertheless, Defendant persisted and removed the instant case to this Court in April 2013.  (Doc. 3).  Accordingly, the undersigned recommends that the Court consider the imposition of sanctions at this time.

The federal courts possess the inherent power "to protect the efficient and orderly administration of justice and ... to command respect for the court's orders, judgments, procedures, and authority."  *In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993).  Included in such inherent power is "the power to levy sanctions in response to abusive litigation practices."  *Id.*  Sanctions may be appropriate when a pro se litigant has a history of submitting multiple frivolous claims.  *See* FED.R.CIV.P. 11; *Mendoza v. Lynaugh*, 989 F.2d 191, 195-97 (5th Cir. 1993).  *Pro se* litigants have "no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets."  *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

Given Defendant's persistence in continuing to pursue this same frivolous course of action, the Court should require that any future action arising from the same facts – whether it is a removal from state court or the filing of an original action – be accompanied by the requisite Court filing fee of $400.00.  The Court also should order that Defendant's filings be subject to summary dismissal if she fails to pay the fee.  *See, e.g., Edmond v. Mitchell*, 2009 WL 3395750, at *2 (N.D. Tex. 2009) (O'Connor, J.) (holding that because the plaintiff's "litigation history reveal[ed] an individual who has chosen to burden the courts with numerous vexatious and frivolous civil and habeas actions," the plaintiff had to pre-pay the court's filing fee as well as a

$100 monetary sanction and provide proof of payment before filing any new action).

**SO RECOMMENDED** on June 21, 2013.

*/s/ Renée Harris Toliver*
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*/s/ Renée Harris Toliver*
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE