IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **BANK OF NEW YORK MELLON, et al.,** § § § | | |
| § | | |
| Plaintiffs, § | | |
| § | Civil Action No. 3:13-cv-1329-O | |
| v. § | | |
| § | | |
| **AUDREY COLEMAN,** § | | |
| § | | |
| Defendant. § | | |
| § | | |

**ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

The United States Magistrate Judge made findings, conclusions, and a recommendation in this case. Defendant filed objections. The Court has conducted a *de novo* review of those portions of the proposed findings and recommendation to which objection was made.

Plaintiffs foreclosed on Defendant's property and then filed an original petition in state court against Defendant for forcible detainer. Findings, Conclusion and Recommendation 1, ECF No. 9. On April 1, 2013, Defendant removed the case to federal court, and Plaintiffs filed the instant Motion to Remand on May 1, 2013, (ECF No. 7), alleging that Defendant, as a citizen of Texas, could not remove the case to federal court. *Id.* Plaintiffs further alleged that removal was improper because no federal question had been established and the amount in controversy did not exceed $75,000. *Id.* 1-2. Defendant objected to the Findings, Conclusions and Recommendation on the basis that, pursuant to 28 U.S.C. § 636(b), the case should not be remanded because she had not consented to the Magistrate Judge presiding over the matter. Def.'s Objection 1, ECF No. 10.

"[A] judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court." *See* 28 U.S.C. § 636(b)(1)(A). The consent of the parties is necessary in order for the magistrate judge to "conduct any or all proceedings" and "order the entry of judgment." *See* 28 U.S.C. § 636(c)(1); *see also Telemaque v. Holder*, No. 11-30170, 450 Fed. Appx. 417, 418 (5th Cir. Nov. 21, 2011) ("Consent to proceed before a magistrate judge becomes relevant only if the magistrate judge conducts all proceedings and orders the entry of judgment in a case").

The parties' consent is not required for the Magistrate Judge to consider a motion to remand. *See* 28 U.S.C. § 636(b)(1)(A); *see also McFaul v. Valenzuela*, 684 F.3d 564, 579 (5th Cir. 2012) ("Even if the parties do not consent, however, the district court may designate a [magistrate judge] 'to hear and determine any pretrial matter . . . .'") (quoting 28 U.S.C. § 636(b)(1)(A)); *Flentroy v. Lamb*, No. 11-40717, 467 Fed. Appx. 291, 292 (5th Cir. Apr. 23, 2012) (contention that district court's acceptance of magistrate judge's recommendation was erroneous because defendant did not consent to proceed before the magistrate judge was "frivolous" because the proceedings were conducted pursuant to § 636(b)). Here, Magistrate Judge Toliver did not enter judgment, but only made a recommendation on Plaintiffs' motion to remand, which does not require consent of the parties. *See Ybarra v. Meador*, No. 10-40628, 427 Fed. Appx. 325, 327 (5th Cir. June 3, 2011); *Nixon v. GMAC Mortg. Corp.*, No. 10-10319, 408 Fed. Appx. 833 (5th Cir. Jan. 17, 2011).

Magistrate Judge Toliver also recommended that, due to Defendant's "persistence in continuing to pursue this same frivolous course of action," the Court should order that any future action filed by Defendant arising from these same facts must be accompanied by the requisite Court

filing fee of $400.00.[1] *See* Findings, Conclusions and Recommendation 4, ECF No. 9. The Court has "inherent power" to levy sanctions against parties in order to protect the "efficient and orderly administration of justice." *In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993).

The Court finds that the Findings, Conclusions, and Recommendation of the United States Magistrate Judge are correct. Defendant's objections are **OVERRULED**, and the Court **ACCEPTS** the Findings, Conclusions, and Recommendation of the United States Magistrate Judge as the findings of the Court. Accordingly, Plaintiffs' Motion to Remand (ECF No. 7), filed May 1, 2013, is **GRANTED**. If the Defendant intends to pursue further action arising from these facts, she is **ORDERED** to pay the $400.00 Court filing fee and her filings will be subject to summary dismissal if she fails to pay the fee.

**SO ORDERED** on this **27th day of August, 2013.**

_Reed O'Connor_ (signature)

**Reed O'Connor**
**UNITED STATES DISTRICT JUDGE**

---

[1] Magistrate Judge Toliver noted that Defendant has a history of filing frivolous suits and in removing cases from state court to this Court involving the same underlying facts as this case. *See* Findings, Conclusions and Recommendation 3-4, ECF No. 9. Furthermore, in February 2013, before removing the instant case, Defendant was warned by Judge Boyle of possible sanctions if she continued to file and/or remove lawsuits over which this Court lacked subject matter jurisdiction. *See id.* at 4.